IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PARNELL R. MAY**                                                                    **PLAINTIFF**

v.                                         No: 4:17-cv-00739 JLH-PSH

**PULASKI COUNTY SHERIFF'S OFFICE,** *et al.*                       **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Parnell May, an inmate at the Pulaski County Regional Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 9, 2017 (Doc. No. 1). May was subsequently granted leave to proceed *in forma pauperis*. *See* Doc. No. 5. May was also ordered to file an amended complaint identifying claims relating to only one issue, containing a short statement of the specific role each defendant had in the alleged constitutional violations, and describing the injuries he sustained. *Id.* May was further directed to describe any individuals he intends to sue and to specify whether he is suing individual defendants in their official and/or

individual capacities.  *Id.*  May subsequently filed an amended complaint, an addendum, and two notices (Doc. Nos. 6-9).

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level.  *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). Although a *pro se* complaint is construed liberally, it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

May sues the Pulaski County Sheriff's Office and the Pulaski County Detention Facility. He claims he was falsely arrested[1] and defamed and also complains that he is in administrative confinement.  Doc. No. 6 at 4.  In his Addendum, May states that he is "seeking to litigate the 'official capacity' of a county employee that is understood to be treated as a suit against the county."  Doc. No. 7 at 1.[2]

---

[1] The Court's December 4, 2017 Order stated that May said he was falsely convicted; May clarifies that he is claiming he was falsely arrested.  *See* Doc. Nos. 6-9.

[2] It appears May is attempting to bring official capacity claims against Jeff Allison.  Similar, if not identical, claims were previously dismissed in another case, *May v. Allison*, No. 4:17-cv-00489-SWW (E.D. Ark. 2017).  *See* No. 4:17-cv-00489, Doc. Nos. 9 & 11 (dismissing official capacity claims against Allison and staying certain individual capacity claims against Allison pending the conclusion of pending state court proceedings).

Neither the Pulaski County Sheriff's office nor the Pulaski County Detention Facility is an entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). To the extent May is trying to sue other defendants in their official capacities, he fails to state a claim. A suit against county employees in their official capacities is in essence a suit against the County itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, county employees can only be held liable in their official capacities in this case if May can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). May claims that his rights were violated by Pulaski County employees "under a pretexted customs policy and practice." *See* Doc. No. 6 at 4. May also claims that the Pulaski County Sheriff's Office authorized a detective "by law to exercise the custom, policy, and the practice of the arrest, that, was under the pretext of a probable cause." Doc. No. 7 at 1. However, May does not identify or otherwise describe any county policy behind the claimed violations of his constitutional rights. Accordingly, the undersigned recommends that May's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

For the reasons stated herein, it is recommended that:

1.  May's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

      3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

      IT IS SO RECOMMENDED this 10th day of January, 2018.

      _____
      UNITED STATES MAGISTRATE JUDGE